UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

  v.                                            Case No. 05-CR-102

JUAN C. VASQUEZ,

    Defendant.

**ORDER RE: DEFENDANT'S PRETRIAL MOTIONS**

On April 5, 2005, a federal grand jury sitting in the Eastern District of Wisconsin returned a one-count indictment against Juan C. Vasquez ("Vasquez"). Vasquez is charged with selling two firearms to an individual, knowing and having reasonable cause to believe that that individual had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. §§ 922(d)(1) and 924(a)(2). On April 22, 2005, the defendant was arraigned and entered a plea of not guilty. A jury trial is scheduled to commence on July 18, 2005 before the Honorable Charles N. Clevert, Jr.

On May 13, 2005, the defendant filed several discovery requests addressed to the government, notices of such requests, and two motions. The defendant's motions are: (1) a motion for pre-trial notice of the government's intent to use evidence of other crimes or bad acts; and (2) a motion for an order compelling the government to disclose confidential informants. As the defendant's discovery requests do not require any action of the court, none will be taken. The court notes,

however, that the government has indicated that it is following its open file policy, pursuant to Criminal Local Rule 16.1, in this matter. (Gov't's Resp. at 2.)

**Motion for Pretrial Notice of Other Crimes and Acts Evidence**

Vasquez has moved the court for an order requiring the government to give notice of any "crimes, wrongs, or acts" evidence it intends to introduce at trial pursuant to Fed. R. Evid. 404(b). Rule 404(b) requires the government to give "reasonable notice in advance of trial . . . of the general nature of any such evidence it intends to introduce at trial." The government has represented that it may use Rule 404(b) evidence and that it will turn over descriptions of the evidence two weeks prior to the trial. (Gov't's Resp. at 2.) The defendant has not objected to the two-week time frame. The defendant's motion will therefore be denied as moot.

**Motion to Compel Disclosure of Confidential Informants**

Vasquez has also moved the court for an order compelling the government to disclose the identity and location of all unnamed or confidential informants. (Def.'s Mot. at 1.) Specifically, Vasquez asks for the name, date of birth, address, and location of a particular confidential informant referred to as "CI-078" in the government's discovery materials.

The government agrees that there is a transactional informant directly involved in the defendant's case and has agreed to provide the name and date of birth of that person two weeks prior to trial. Vasquez has not objected to the two-week time frame proposed by the government. Vasquez's motion to compel disclosure of the confidential informant's name and date of birth will therefore be denied as moot.

Citing safety concerns, the government opposes the defendant's request for the address and location of the confidential informant. (Gov't's Resp. at 2.) In deciding whether or not to order

2

disclosure of a confidential informant's address, courts must weigh many factors including the safety of the informant and the value of the address to the defendant. *United States v. Olson,* 978 F.2d 1472, 1476 (7th Cir. 1992). Vasquez claims that he needs the address and location of the informant in order to contact that person and "attempt to interview him in investigating and preparing the potential defense of entrapment." (Def.'s Mot. at 4.)

At this point, neither party has provided the court with enough information to properly weigh the interests involved. The government has not provided any specifics as to why there are safety concerns, nor has the defendant provided reasons why the informant's address is needed, as opposed to, for example, an interview with the informant (should the informant agree to one) at a secure location. For that reason, the defendant's motion to compel disclosure of the confidential informant's address and location will be denied without prejudice.

**NOW THEREFORE IT IS ORDERED** that the defendant's motion for an order requiring the government to give notice of any crimes, wrongs, or acts evidence it intends to introduce at trial pursuant to Fed. R. Evid. 404(b) be and hereby is **DENIED AS MOOT**;

**IT IS FURTHER ORDERED** that the defendant's motion to compel disclosure of confidential informants be and hereby is **DENIED IN PART AS MOOT** and **DENIED IN PART WITHOUT PREJUDICE**.

Your attention is directed to 28 U.S.C. § 636(b)(1)(A) and General Local Rule 72.3 (E.D. Wis.), whereby written objections to any order herein or part thereof may be filed within ten days of the date of service of this order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be

3

sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

**SO ORDERED** this 9th day of June, 2005, at Milwaukee, Wisconsin.

/s/ William E. Callahan, Jr.
WILLIAM E. CALLAHAN, JR.
United States Magistrate Judge